IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DOMINIQUE ROMERO-VALDEZ,

    Plaintiff/Counter-Defendant,

v.                                                                                              No. 1:23-CV-01084-LF-GJF

PARNALL LAW FIRM, LLC

    Defendant/Counter-Plaintiff.

**ORDER GRANTING LEAVE TO FILE JURY DEMAND**

THIS MATTER came before the Court on Plaintiff Dominique Romero-Valdez's Motion for Leave to File Jury Demand, filed March 5, 2024. Doc 28. Defendant Parnall Law Firm, LLC ("Parnall") filed a response on March 19, 2024 (Doc. 30) and Ms. Romero-Valdez filed her reply on April 2, 2024 (Doc. 32). Having considered the briefing and the relevant law, I GRANT the motion.

This case was removed to federal court December 6, 2023 (Doc. 1). On December 13, 2023, Parnall filed its answer and a counterclaim against Ms. Romero-Valdez. Doc. 7. Ms. Romero-Valdez filed her answer to Parnall's counterclaim on January 3, 2024. Doc. 10. Through a clerical error, Ms. Romero-Valdez filed an amended answer (Doc. 14) that included a jury demand on January 25, 2024, one day after the deadline to amend her pleading as a matter of course, *see* FED. R. CIV. P. 15(a)(1)(A); Doc. 28 at 2. Via email, defense counsel informed plaintiff's counsel that the amended answer was a day late and offered to not oppose the amendment if Ms. Romero-Valdez withdrew her jury demand. Doc. 32-1. Defense counsel also noted that Ms. Romero-Valdez could "separately ask the Court for leave to submit an untimely

jury demand if [she] were so inclined." *Id.* Plaintiff's counsel agreed to withdraw the jury demand. *Id.* Similarly, in February 2024 Ms. Romero-Valdez filed for leave to file a second amended complaint and untimely jury demand and then withdrew the motion after Parnall indicated that it would consent to the amended complaint but oppose the jury demand. *See* Doc 30 at 2; Docs. 20, 23.

Federal Rule of Civil Procedure 38(b) provides that "a party may demand a jury trial by . . . serving the other parties with a written demand . . . no later than 14 days after the last pleading directed to the issue is served." That deadline lapsed, at the latest, on January 17, 2024, fourteen days after Ms. Romero-Valdez filed her answer to Parnall's counter-claim. However, Ms. Romero-Valdez moves for leave under FED. R. CIV. P. 39(b), which provides that the Court "may, on motion, order a jury trial on any issue for which a jury might have been demanded." The Tenth Circuit has "held that, absent strong and compelling reasons to the contrary, a district court should exercise its discretion under Rule 39(b) and grant a jury trial," *Nissan Motor Corp. in U.S.A. v. Burciaga*, 982 F.2d 408, 409 (10th Cir. 1992), a principle that reflects the recognition that "the decision whether to try a case before a jury is not merely a technicality [but rather] implicates a fundamental constitutional right," *Bryant v. Washington Fed. Bank, Inc.*, No. CIV 20-1266 RB/KRS, 2023 WL 2244825, at *3 (D.N.M. Feb. 27, 2023); *see also AMF Tuboscope, Inc. v. Cunningham*, 352 F.2d 150, 155 (10th Cir. 1965) ("The constitutional right to a jury trial under the Seventh Amendment is a fundamental right and 'the federal policy favoring jury trials is of historic and continuing strength.' ") (citation omitted). In keeping with this principle, "district courts [in this circuit] routinely grant untimely jury demands." *Blanks v. Hypower, Inc.*, No. CV 12-440 JCH/ACT, 2012 WL 13076177, at *3 (D.N.M. Sept. 17, 2012); *see also, e.g.*, *Pruess v. Presbyterian Health Plan, Inc.*, No. CIV 19-0629 DHU/JFR, 2024 WL

1329434, at *2–3 (D.N.M. Mar. 28, 2024) (granting jury demand untimely by more than three years and filed after the close of discovery); *Bryant v. Washington Fed. Bank, Inc.*, No. CIV 20-1266 RB/KRS, 2023 WL 2244825 (D.N.M. Feb. 27, 2023); *Ombe v. New Mexico*, No. CIV 14-0763 RB/KBM, 2017 WL 3393962 (D.N.M. Aug. 7, 2017); *Gilkey v. ADT Sec., Inc.*, No. 11-1369-JAR, 2012 WL 1901287 (D. Kan. May 25, 2012).

No strong and compelling reasons justify the denial of Ms. Romero-Valdez's motion. Ms. Romero-Valdez's motion came only six weeks after the deadline to file a jury demand and before discovery has commenced. The delay, caused by repeated clerical errors, is regrettable, but shows no signs of bad faith. Moreover, Ms. Romero-Valdez's repeated attempts to file a jury demand prior to her motion put Parnall on notice that she sought a jury trial. Finally, Parnall offers no reasons that it would be prejudiced by a jury demand; in fact, it offers no reasons to deny the motion whatsoever besides the fact of the demand's tardiness. *See* Doc. 30; *Meister v. Kansas City*, No. 09-2544-EFM, 2011 WL 765887, at *2 (D. Kan. Feb. 25, 2011) ("Lack of prejudice is a factor the court may consider in granting a motion for jury trial."). I therefore GRANT Ms. Romero-Valdez leave to file her jury demand no later than Monday, October 7, 2024, and, after such demand is filed, will order a jury trial on any issue for which a jury might have been timely demanded.

IT IS SO ORDERED.

_____
Laura Fashing
United States Magistrate Judge