IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DOMINIQUE ROMERO-VALDEZ,

    Plaintiff/Counter-Defendant,

v.                                                                                    No. 1:23-cv-01084-LF-GJF

PARNALL LAW FIRM, LLC,

    Defendant/Counter-Plaintiff.

### MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON COUNTS IX, X, AND XII OF SECOND AMENDED COMPLAINT

Defendant Parnall Law Firm, LLC (Parnall Law) hereby submits this Memorandum in support of its Motion for Summary Judgment on Plaintiff's Claims (Motion) (Doc. 88). This Memorandum will make reference to the Material Facts section of the Motion by citing to "Facts" followed by the paragraph number(s) of the Facts referenced. Based on the Material Facts, as well as the law and argument stated herein, the Court should grant summary judgment in favor of Parnall law on Plaintiff's Count IX, Breach of Contract and Rescission, Count X, Fraud, and Count XII, Declaratory Judgment.

### Count IX

Plaintiff's Count IX, Breach of Contract and Recission (sic) is based upon Plaintiff's unreasonable position that the ultimatum presented to Plaintiff on June 27, 2023 to "either stay working here and give us your 100 percent, but you could be fired at any time for any reason, or you can take the six-week paid leave and leave effective immediately," was one offer, which Plaintiff accepted by resigning. Facts ¶¶ 55, 57. And Parnall Law's provision of a Separation Agreement in connection with that transaction was a totally separate offer for which Plaintiff has not been paid. *See* (Second. Am. Compl. for Damages and Decl. J at ¶¶ 131-144).

Put simply, that logic is not reasonable. Parnall Law presented Plaintiff with an ultimatum and an offer of severance. Facts ¶ 55. Plaintiff chose to accept the severance instead of meeting the ultimatum. Facts ¶ 57. As part of receiving the severance, which was referenced in the Separation Agreement, Parnall Law asked Plaintiff to sign the Separation Agreement, and she did. Facts ¶ 58. This was all clearly part of one transaction, and Parnall Law paid the agreed-upon consideration. Plaintiff should not be allowed to avoid her obligations on this theory, and Plaintiff cannot avoid the contract she signed on this logic.

**Count X**

Plaintiff's Count X is based on the same faulty logic as her Count IX. Parnall Law had, from time in which Mr. Parnall learned that Plaintiff did not timely open a claim on a "Friend of Bert" case, decided to present Plaintiff with a simple Separation Agreement when it made her the ultimatum. Facts ¶¶ 34, 35, 36, 37; Ex. 12 to Ex. D at 1, email from B. Parnall to G. Abel and R. Fraire of June 14, 2023, in regard to presenting Plaintiff with an ultimatum, "Yes, go ahead. I used to use a release of claims; you probably have and are referencing that form. Have Greg Review".

The testimony concerning the presentation of the Separation Agreement is straightforward, and there is no indication of fraud. *See* Facts ¶ 58; Ex. B at 152:13-22, 165:8-12, 190:20-25, 195:6-16. Ms. Fraire, who is not a lawyer, presented the Separation Agreement that the management group at Parnall had agreed to several weeks earlier. Ms. Fraire presented it to Plaintiff after Plaintiff indicated she wanted to take the severance payment and resign from her employment. Ms. Fraire told Plaintiff she needed to sign the document and that Plaintiff was going to be removed from the system. As Ms. Fraire explained, "Not 'Sign it and send it back," but I did tell her she was going to be disconnected from the system. So I did tell her, 'I will e-

mail you the agreement and you can sign it and send it back and you will be disconnected from the system,' but she has my e-mail address if she was disconnected from the e-mail system before. She could have easily sent it back from her personal e-mail address." Ex. B at 195:23 – 196:5.

There is no evidence of fraud in the presentation and execution of the Separation Agreement. While circumstances and the law, as presented in this Court's Order Denying Defendant's Motion for Summary Judgment (Doc. 37), might result in the Separation Agreement not being enforced, such a result is not due to fraud. Ms. Fraire did not defraud Plaintiff.

### Count XII

Count XII, like Counts IX and Count X, seeks to have the Court invalidate the Separation Agreement that Plaintiff signed. It is essentially a defense to enforcement of the agreement and not an affirmative claim. For that reason and the other reasons stated in this Memorandum, Plaintiff's Count XII should be dismissed.

Respectfully submitted,

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By: */s/ William G. Gilchrist*
    William G. Gilchrist
P. O. Box 1888
Albuquerque, NM 87103
Telephone: (505) 765-5900
Fax: (505) 768-7395
dgilchrist@rodey.com
*Attorney for Defendant Parnall Law Firm, LLC*

4875766v1

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on the 3rd day of July, 2025, I filed the foregoing electronically which caused all counsel of record to be served by electronic means, as more fully reflected in the Notice of Electronic Filing.

                                        RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

                                        By: */s/ William G. Gilchrist*
                                              William G. Gilchrist