## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

DOMINIQUE ROMERO-VALDEZ,

      Plaintiff/Counter-Defendant,

v.                              Case No. 1:23-cv-01084-LF-GJF

PARNALL LAW FIRM, LLC,

      Defendant/Counter-Plaintiff.

### ORDER DENYING MOTION FOR TWELVE-PERSON JURY

This matter comes before the Court on Parnall Law Firm, LLC's ("Parnall") Motion for Twelve-Person Jury, filed November 18, 2025 (Doc. 143). Parnall removed this case to federal court on December 6, 2023. Doc. 1. It filed its answer and a counterclaim against Ms. Romero-Valdez on December 13, 2023, and Ms. Romero-Valdez answered Parnall's counterclaim on January 3, 2024. Docs. 7, 10. On February 6, 2024, Ms. Romero-Valdez filed a motion to file an untimely jury demand, which the Court exercised its discretion to grant on September 23, 2024. Docs. 28, 38. Ms. Romero-Valdez filed her demand for a jury of six within the new deadline on September 25, 2024. Doc. 41. Now, well over a year after Ms. Romero-Valdez filed this jury demand seeking six jurors, and with a jury trial set for February 2–6, 2026, Parnall requests a jury of "at least twelve (12) but no less than eight (8) members." Doc. 143 at 1–2.[1]

Parnall gives no explanation for its belated motion. It argues that expanding the jury from six to twelve (or eight, nine, ten, or eleven) will not "significantly alter the course of litigation or upend trial." Doc. 146 at 1. It "cites the Court's exercise of discretion . . . to grant Plaintiff's late

---

[1] Parnall uses this phrasing, "at least twelve," in both its motion, Doc. 143, and its reply, Doc. 146. The Court interprets Parnall's request as one for a jury of *preferably* twelve but at least eight members. Juries may not have more than twelve members. FED. R. CIV. P. 48(a).

jury demand, and is requesting that the Court similarly exercise its discretion in considering

Defendant's request[.]" *Id.* at 1–2.

The Court finds Parnall's belated request meaningfully different from Ms. Romero-

Valdez's. The Tenth Circuit has held that "absent strong and compelling reasons to the contrary, a

district court should exercise its discretion under Rule 39(b) and grant a jury trial" due to the

nature of a jury trial as a fundamental right. *Nissan Motor Corp. in U.S.A. v. Burciaga*, 982 F.2d

408, 409 (10th Cir. 1992); *see also* Doc. 38 at 2. Ms. Romero-Valdez's delay in filing a jury

demand was due to repeated clerical errors, but she had put Parnall on notice that she sought a

jury trial, and her motion was filed before discovery had commenced. Doc. 38 at 3. In contrast,

Parnall's request—for twelve jurors rather than six—does not implicate a fundamental right

because a jury of six is permissible in civil trials. FED. R. CIV. P. 48(a). Parnall gives no

explanation for its delay, nor does the briefing suggest that Ms. Romero-Valdez was on notice

that such a request might be forthcoming. Parnall's motion was filed after the close of discovery,

and nearly two months after briefing was complete on summary judgment motions. *See* Doc. 78

(extending discovery deadline to May 30, 2025); Docs. 135–142 (notices of briefing complete

filed between September 24 and September 26, 2025); Doc. 143 (Parnall's motion filed

November 18, 2025). In short, the factors that led the Court to exercise its discretion and allow

Ms. Romero-Valdez to file an untimely jury demand are not present for Parnall's motion.

Therefore, the Court DENIES the motion (Doc. 143).

It is so ordered.

_____
LAURA FASHING
UNITED STATES MAGISTRATE JUDGE

2