IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DOMINIQUE ROMERO-VALDEZ,

    Plaintiff/Counter-Defendant,

v.                                                                     No. 1:23-CV-01084-LF-GJF

PARNALL LAW FIRM, LLC

    Defendant/Counter-Plaintiff.

## DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE REFERENCE TO ATTORNEY'S FEES OR CHARACTERIZATION OF THE CASE AS ANY TYPE OF "MONEY GRAB"

Defendant or Counter-Plaintiff, Parnall Law Firm, LLC ("Defendant"), by and through undersigned counsel, hereby submits its Response to Plaintiff's Motion in Limine to Exclude Reference to Attorney's Fees or Characterization of the Case as any Type of "Money Grab" (Motion), filed December 24, 2025 (Doc. 168).

Plaintiff seeks to exclude testimony or argument of counsel regarding "whether/how Ms. Romero-Valdez's counsel is to be compensated, whether statutory fees may later be awarded, or whether Ms. Romero-Valdez's counsel has any financial stake in the trial's outcome" pursuant to Fed. R. Evid. 401. Plaintiff, however, also concedes that "considerations of financial motive could potentially be relevant to credibility." Motion at 3. Plaintiff's request for a wholesale bar on discussion related to attorney's fees would unreasonably limit Defendant from exploring potentially relevant topics at trial.

Defendant should not be precluded from presenting relevant evidence at trial without the context necessary to determine relevancy. Plaintiff's financial motivations – including but not

limited to recovery of attorney's fees and Plaintiff's failure to mitigate her damages – may become relevant at trial depending on how the proceedings unfold. *See* Motion at 3 (acknowledging that financial motivations may become relevant). "As the trial unfolds, and other evidence admitted, the context may demonstrate that excluded evidence is, in fact, relevant and admissible…motions in limine seeking advance rulings on the admissibility of evidence…are necessarily based upon an alleged set of facts rather than the actual testimony which the trial court would have before it at trial in order to make its ruling." *Silva v. Layman*, No. D 202 CV 2012 4673, 2013 WL 6569317 (N.M. Dist. Oct. 21, 2013) (citing and quoting *State v. Young,* 133 Idaho 177, 983 P.2d 831, 833 (Idaho 1999)).[1] Thus, without sufficient context, a wholesale bar on evidence or argument related to attorney's fees as requested by Plaintiff is improper.

Plaintiff cites *Com. Com. Partners, LLC v. Milliken & Co*., in support of her request for an absolute bar on evidence or testimony related to attorney's fees. *See* Motion at 2. *Com. Com. Partners, LLC v. Milliken & Co*., states that *determination* of an attorney's fee claim is appropriate after the merits have been resolved at trial. No. 4:22-CV-00020-DN-PK, 2024 WL 2834001 at * 10 (D. Utah June 4, 2024). Plaintiff's Motion does not seek to exclude evidence offered to determine Plaintiff's claim for attorney's fees. Rather, Plaintiff wants to exclude testimony or argument that Plaintiff is seeking to recover her attorney's fees and that Plaintiff's counsel may be compensated through an award of fees. This is different than presenting evidence to prove a party's claim for attorney's fees at trial; therefore *Com. Com. Partners, LLC v. Milliken & Co.* does not support Plaintiff's sweeping request to exclude reference to attorney's fees at trial.

---

[1] *State v. Martinez*, 2008-NMSC-060, 145 N.M. 220 (noting that the New Mexico Rules of Evidence are substantively similar to the Federal Rules of Evidence and citing to cases analyzing the Federal Rules of Evidence to determine issue under the New Mexico Rules of Evidence).

Additionally, Plaintiff does not cite to any instance in the record wherein Parnall Law's counsel has called Plaintiff or her counsel "greedy" or characterizing this litigation as a "money grab." "A court is well within its discretion to deny a motion in limine that fails to identify the evidence with particularity or to present arguments with specificity." *United States v. Begay*, 497 F. Supp. 3d 1025, 1082 (D.N.M. 2020) (citing and quoting *United States v. Cline*, 188 F. Supp. 2d 1287, 1292 (D. Kan. 2002) (Crow, J.), aff'd, 349 F.3d 1276 (10th Cir. 2003)). Plaintiff's lack of specificity, therefore, warrants denial of the request to exclude characterization of Plaintiff or her counsel as "greedy" or of this litigation as a "money grab."

Accordingly, Parnall Law respectfully requests that the Court deny Plaintiff's Motion in Limine to Exclude Reference to Attorney's Fees at trial. In the alternative, Parnall Law respectfully requests that the Court reserve its ruling to if and when the issue arises at trial. Parnall Law also requests that the Court deny Plaintiff's request to exclude reference to Plaintiff or her counsel as "greedy" or this litigation as a "money grab" based on Plaintiff's failure to identify this evidence to be exclude with specificity.

Respectfully Submitted by:

Rodey, Dickason, Sloan, Akin & Robb, P.A.

By: */s/ Lisa G. Zammiello*
William G. "Dooley" Gilchrist
Lisa G. Zammiello
201 Third Street NW, Suite 2200
Albuquerque, New Mexico 87102
Telephone: (505) 768-7344
Fax: (505) 768-7395
DGilchrist@rodey.com
LZammiello@rodey.com
*Attorneys for Parnall Law Firm, LLC*

3

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was electronically through the U.S. District Court for the District of New Mexico's CM/ECF filing system on January 9, 2026, which caused all counsel of record to be served via electronic means.

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By: */s/ Lisa G. Zammiello*
        Lisa G. Zammiello