IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DOMINIQUE ROMERO-VALDEZ,

    Plaintiff/Counter-Defendant,

v.                                                        No. 1:23-CV-01084-LF-GJF

PARNALL LAW FIRM, LLC

    Defendant/Counter-Plaintiff.

**PLAINTIFF DOMINIQUE ROMERO-VALDEZ'S RESPONSE IN OPPOSITION TO DEFENDANT'S SIXTH MOTION *IN LIMINE***

    COMES NOW Dominique Romero-Valdez, by and through her counsel of record, the ADAMS+CROW LAW FIRM, and hereby responds in opposition to Defendant's Sixth Motion in Limine [Doc. 161], filed on December 24, 2025 (the "Motion No. 6"). Defendant's motion makes no sense because Plaintiff did not testify as Motion No. 6 claims. Motion No. 6 says Plaintiff *testified* that her supervisor, Ms. Janeisha Brown, was stressed by taking over another legal assistant's tasks while that assistant was out on maternity leave. [Doc. 161, at 3].[1] Yet again, Defendant cited no record evidence showing the Court what it is referencing. And a review of Plaintiff's deposition demonstrates that Plaintiff never testified to any such statement.

    Instead, Defendant cited Ms. Brown's deposition testimony in which she was cross-examined about how her team would cover *Plaintiff's tasks* while *Plaintiff* was out on maternity leave – not about Ms. Brown being stressed covering tasks of another person out on maternity leave. The Motion ought to be denied strictly for lack of foundation.

---

[1] This legal assistant that went on maternity leave is Catri Estime.

Page **1** of **5**

To the extent Defendant seeks to bar testimony by Plaintiff as to what she observed about her supervisor while another legal assistant was out in the first third of 2023, such observations are admissible lay opinions under Fed. R. Evid. 602 and 701. So long as they are based upon personal observations, Plaintiff can certainly testify to what she saw, heard and perceived from her supervisor's words and actions. Plaintiff agrees not to say her supervisor *was* stressed by the absence of another team member on maternity leave, but Plaintiff will not agree to silence as to what she observed of her supervisor. Just as Defendant expects to proffer evidence that Ms. Romero-Valdez's supervisor *perceived* Plaintiff was "just making excuses" for her overdue tasks, Ms. Romero-Valdez will testify that she *perceived* her supervisor was struggling to get Ms. Estime's tasks covered. This is fair, and the jury can weigh the relative credibility of each woman's observations.

## ARGUMENT

**I.     Testimony About Her Supervisor is Rationally Based on Ms. Romero-Valdez's Own Observations and the Weight of her Perception Should be Determined by the Jury.**

Rules 602 and 701 permit Ms. Romero-Valdez to testify that she observed Ms. Brown being stressed when another legal assistant went out on maternity leave in February 2023. Testimony regarding such a matter is allowed when the witness has personal knowledge of the same. Fed. R. Evid. 602. A witness's own testimony is sufficient to demonstrate personal knowledge. Id. It is not necessary that the knowledge is "absolute but may consist of what the witness thinks he knows from personal perception" 2 Wigmore § 650. Additionally, opinion testimony of a lay witness that is "rationally based" on Plaintiff's perception is admissible. Fed. R. Evid. 701. Exclusion of testimony should only be done if "no reasonable juror could believe that the witness had the ability and opportunity to perceive the event that he testified about." Barto v. Armstrong World Industries Inc., 923 F. Supp. 1442 (D.N.M. 1996).

Page **2** of **5**

Plaintiff's testimony regarding her perception of Ms. Brown being stressed is based on her own interactions with – and observations of – Ms. Brown. Though Ms. Brown testified in her deposition that she had a plan to handle Plaintiff's tasks through *Plaintiff's* maternity leave in late Summer 2023, such does not bear on the stress Ms. Brown demonstrated to Plaintiff in early 2023 when Ms. Catri Estime was out to have her baby. The argument by the Defendant that the interpretations are speculative and therefore inadmissible stems from U.S. v. Tapaha, 891 F.3d 900, 906 (10th Cir. 2018). In that case, it was found that the witness's testimony was speculative because he had no recollection of observation, and therefore, he had no personal knowledge. This is not the case here where Ms. Romero-Valdez recalls – and will testify to – Ms. Brown's demeanor and Plaintiff's perceptions regarding the same. Thus, Plaintiff's own emotions and beliefs regarding her supervisor during this period are admissible under Rules 602 and 701.It is within the jury's purview to assign weight and credibility to Ms. Romero-Valdez's perception of Ms. Brown, but there is no reason why such testimony is not admissible.

II. **Testimony about Stress Caused by Another Legal Assistant Being Out on Maternity Leave has Probative Value in Building the Motive as to Why Plaintiff's Pregnancy and Impending Leave Would Drive PLF to Treat Plaintiff More Harshly and Ultimately Terminate her Employment.**

Under the FRE 403 balancing test, relevant evidence is excluded only if its probative value is substantially outweighed by factors such as unfair prejudice or misleading the jury and Ms. Brown demonstrating stress about having to cover the work of an employee on leave is relevant to whether Defendant had a reason to discriminate against Plaintiff on the basis of pregnancy. The Tenth Circuit's standard on excluding evidence is stated as "an extraordinary remedy and should be used sparingly…" United States v. Alfred, 982 F.3d 1273 (10th Cir. 2020). In conducting the test, courts "give the evidence its maximum reasonable probative force and its minimum

reasonable prejudicial value." <u>United States v. Henthorn</u>, 864 F.3d 1241, 1256 (10th Cir. 2017); <u>see</u> <u>also</u> <u>United States v. Alfred</u>, 982 F.3d, at 1282.

The probative value of Mrs. Romero-Valdez's testimony regarding Ms. Brown being stressed while taking over the tasks of another legal assistant on maternity leave strongly outweighs any undue prejudice that may occur. This evidence tends to prove that Ms. Brown had a motive to resent Ms. Romero-Valdez's pregnancy and upcoming maternity leave and to consequently judge her performance and "excuses" more harshly. This also tends to prove that Ms. Brown being "bugged," and recommending Plaintiff's employment be terminated, was also impermissibly based on Plaintiff being pregnant and planning leave. Contrary to Defendant's assertion, it is not prejudicial to make this logical inference from Ms. Romero-Valdez's sworn testimony regarding her own personal observations. Therefore, the jury, as the finders of fact, should be allowed to hear and consider testimony related to Ms. Romero-Valdez's claim that Defendant was unlawfully motivated by her pregnancy when it decided to end her employment.

WHEREFORE, Ms. Romero-Valdez respectfully asks this Court to deny Defendant's Motion No. 6, and for such other and further relief as the Court deems just and proper.

                Respectfully submitted,

                ADAMS+CROW LAW FIRM

                By: */s/ Hannah M. Kohler*
Samantha M. Adams
Arlyn G. Crow
Hannah M. Kohler
5051 Journal Center Blvd. NE, Suite 320
Albuquerque, New Mexico 87109
Phone: (505) 582-2819
Fax: (505) 212-0439
sam@adamscrow.com
arlyn@adamscrow.com
hannah@adamscrow.com
*Attorneys for Dominique Romero-Valdez*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was electronically through the U.S. District Court for the District of New Mexico's CM/ECF filing system on the 9th day of January, 2026, which caused all counsel of record to be served via electronic means.

                                                ADAMS+CROW LAW FIRM

                                                By: */s/ Hannah M. Kohler*
                                                      Hannah M. Kohler