IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DOMINIQUE ROMERO-VALDEZ,

    Plaintiff/Counter-Defendant,

v.    Case No. 1:23-cv-01084-LF-GJF

PARNALL LAW FIRM, LLC,

    Defendant/Counter-Plaintiff.

## **ORDER**

    This matter comes before the Court upon the parties' remaining motions in limine (Docs. 157–161, 163, 165, 168). For the reasons discussed at the January 20, 2026, pretrial conference, the Court rules as follows:

    Defendant's second motion in limine (Doc. 157) is denied, but the Court issues a caution to Plaintiff's counsel to avoid excessive or inflammatory use of the terms "lie" or "liar."

    Defendant's third motion in limine (Doc. 158) is granted in part and denied in part; it is granted to the extent that Ms. Romero-Valdez will not be permitted to testify regarding whether other legal assistants modified their tasks, but it is denied in all other respects.

    Defendant's fourth motion in limine (Doc. 159) is denied.

    Defendant's fifth motion in limine (Doc. 160) is denied.

    Defendant's sixth motion in limine (Doc. 161) is granted in part and denied in part; Ms. Romero-Valdez is permitted to testify about her own observations (i.e., if Ms. Brown was short with her or irritated when she did not complete her additional tasks) but may not speak to Ms. Brown's subjective motivations or feelings.

Defendant's eighth motion in limine (Doc. 163) is granted in part and denied in part. Ms. Romero-Valdez may testify about her own observations but not about Parnall Law's knowledge. She may testify regarding Ms. Fraire's demeanor during the final meeting, including that she characterized Ms. Fraire's demeanor as threatening, but she must base this on her actual observations (e.g., if Ms. Fraire raised her voice, interrupted Ms. Romero-Valdez, did not give her sufficient time, etc.). Plaintiff's counsel may argue that the ultimatum was not genuine or was a "fake choice." She *cannot* testify that she learned for the first time at her meeting with Ms. Fraire that she could be fired at any time. She *can* testify as to what Ms. Fraire said and how the statement of her at-will status made her feel. Reminding her of her at-will status could be viewed as a threat to terminate her, and counsel may make appropriate arguments to this effect.

Defendant's tenth motion in limine (Doc. 165) is granted.

Plaintiff's motion in limine (Doc. 168) is granted in part and denied in part. It is granted with respect to attorney's fees, fee shifting, or characterizing *counsel* as bringing the case for their own financial gain. It is denied with respect to any statement that Plaintiff is bringing the case for monetary reasons, which may be a fair characterization in argument depending on the evidence elicited.

It is so ordered.

_____
LAURA FASHING
UNITED STATES MAGISTRATE JUDGE