IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DOMINIQUE ROMERO-VALDEZ,

    Plaintiff/Counter-Defendant,

v.                                                                  Case No. 1:23-cv-01084-LF-GJF

PARNALL LAW FIRM, LLC,

    Defendant/Counter-Plaintiff.

### ORDER ON MISCELLANEOUS PENDING MATTERS

This matter comes before the Court following the pretrial conference and jury instruction conference in this case. *See* Docs. 217, 230. The Court took various matters under advisement at these conferences and now rules on them below.

**I.    Negligent Misrepresentation**

Ms. Romero-Valdez seeks "this Court's pretrial determination that Plaintiff's negligent misrepresentation claim is live, and the jury may be instructed on the same." Doc. 211 at 1. Parnall argues that "Plaintiff does not have a claim for negligent misrepresentation in this matter." Doc. 231 at 52. The parties discussed this matter briefly at the pretrial conference, Doc. 217 at 3, and the jury instruction conference, Doc. 230 at 2.

In Count X of her Second Amended Complaint, which is labeled "Fraud," Ms. Romero-Valdez states, "Under New Mexico law, misrepresentation of a material fact, even if innocently made, will entitle the party who has justifiably relied on that fact to rescind the contract." Doc. 27 at 26 ¶ 157. She also states, "This is true whether Defendant's and Ms. Fraire's false statement was intentional and fraudulent or whether it was innocent and simply negligent." *Id.* She concludes this section by stating, "Ms. Romero-Valdez seeks all damages available to her under

1

the law for Ms. Fraire's and Mr. Parnall's breach of contract, negligence, misrepresentation, fraudulent conduct, willful and/or reckless conduct." *Id.* at 27 ¶ 158. Federal Rule of Civil Procedure 8(d)(2) permits a party to "set out 2 or more statements of a claim . . . alternatively or hypothetically, either in a single count or . . . in separate ones." In light of these statements in Count X of her Second Amended Complaint, the Court concludes that Ms. Romero-Valdez has adequately pled negligent misrepresentation as an alternative to her claim of fraud under Rule 8(d)(2). The Court thus will allow jury instructions on negligent misrepresentation.

## II.   "Same Decision" Under Title VII and FMLA

The Court's proposed Family and Medical Leave Act ("FMLA") jury instructions include statements that Parnall must prevail on the FMLA claim if it proves by a preponderance of the evidence that Ms. Romero-Valdez would have experienced an adverse employment action even if she had not intended to take leave. Doc. 229 at 21. Similarly, in its Title VII instructions, the Court states that "Ms. Romero-Valdez is entitled to damages unless Parnall Law proves by a preponderance of the evidence that it would have treated Ms. Romero-Valdez similarly even if her pregnancy had played no role in the employment decision." *Id.* at 23. Ms. Romero-Valdez objects to these statements because it argues that the "same decision" argument is an affirmative defense, and that Parnall did not plead this defense in its answer. *See id.* Although it is true that Parnall did not plead this matter in its answer, *see* Doc. 29, Parnall argues that "same decision" is not an affirmative defense and simply is a statement of the law, Doc. 229 at 21.

Even if the "same decision" statements are affirmative defenses, they may be permissible. The Eleventh Circuit discussed a similar issue in *Aponte v. Brown & Brown of Florida, Inc.*, 806 F. App'x 824, 831 (11th Cir. 2020). There, the plaintiff argued that the "same decision" affirmative defense had not been included in the defendant's answer and therefore had been

2

waived. *Id.* The Court cited Eleventh Circuit case law holding that "if a plaintiff receives notice of an affirmative defense by some means other than the pleadings, the defendant's failure to comply with Rule 8(c) does not cause the plaintiff any prejudice." *Id.* Based on the lack of prejudice, and because the plaintiff was fully aware that the defendant intended to rely on the defense, the Court held that the defendant's failure to include the "same decision" affirmative defense in its answer did not constitute a waiver. *Id.*

The Tenth Circuit, too, has held that "the purpose behind [R]ule 8(c) is that of putting plaintiff on notice well in advance of trial that defendant intends to present a defense in the nature of an avoidance." *Ball Corp. v. Xidex Corp.*, 967 F.2d 1440, 1444 (10th Cir. 1992) (internal brackets and quotation marks omitted). It has held that under certain circumstances, a defendant may constructively amend its answer by raising an affirmative defense in a summary judgment motion. *Ahmad v. Furlong*, 435 F.3d 1196, 1204 (10th Cir. 2006); *see also id.* at 1201 (collecting cases). Here, Parnall argued in its motion for summary judgment on the FMLA claim that "Parnall Law issued Plaintiff the ultimatum on June 27, 2023 for legitimate reasons that had nothing substantive to do with the FMLA," Doc. 90 at 8; *see also id.* at 9–10 ("Parnall Law would have either terminated Plaintiff or given her an ultimatum, just as it did, whether or not Plaintiff had requested FMLA leave or was eligible for it, or took it, or needed it . . . . Parnall Law had a legitimate, non-interfering reason to provide Plaintiff with the ultimatum."). Similarly, it argued in its motion for summary judgment on the Title VII claim, "Parnall Law provided Plaintiff multiple opportunities, and its decision to provide her with an ultimatum was not related to her pregnancy, and certainly not based on it." Doc. 92 at 5; *see also id.* at 7 ("Identification of numerous performance deficits will far exceed the proof needed to establish a legitimate, nondiscriminatory reason for an employee's termination." (internal quotation marks omitted)).

3

In short, a centerpiece of Parnall's arguments in its motions for summary judgment on the FMLA and Title VII claims is that it would have issued Ms. Romero-Valdez an ultimatum or fired her regardless of whether she sought leave or was pregnant. Ms. Romero-Valdez has had ample notice of such arguments—these motions were filed five months ago—and is not unfairly prejudiced by the inclusion of the "same decision" statements in the jury instructions. Therefore, the Court will allow the "same decision" statements in the jury instructions.

### III.    "Bona Fide Occupational Qualification" under NMHRA

Parnall originally proposed language in a jury instruction about the New Mexico Human Rights Act ("NMHRA") stating, "An employer may discharge a person, however, if the action is based on a bona fide occupational qualification." Doc. 206 at 13. The Court removed this language from its proposed instruction and Parnall seeks to put it back. Doc. 229 at 25. Ms. Romero-Valdez does not believe this language should be included because Parnall did not plead the bona fide occupational qualification ("BFOQ") issue as an affirmative defense. *Id.*

The United States Supreme Court has recognized the BFOQ issue as an affirmative defense in the context of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, and Title VII with respect to all protected classes except race. *See Meacham v. Knolls Atomic Power Lab.*, 554 U.S. 84, 91 (2008); *Smith v. City of Jackson, Miss.*, 544 U.S. 228, 233 n.3 (2005). The Court has not found, and the parties have not provided, case law addressing whether the NMHRA treats the BFOQ issue the same way. However, because of similarities between the NMHRA and Title VII, the Court finds such cases persuasive and will consider BFOQ an affirmative defense. Parnall did not plead this affirmative defense. *See* Doc.

4

29 at 22–24. Therefore, the Court will not include the BFOQ[1] language in its instruction on the NMHRA.

### IV. Ms. Romero-Valdez's Requested Jury Instruction No. 7

Ms. Romero-Valdez requested a jury instruction stating, "When the employer acquires knowledge that an employee's leave may be for an FMLA-qualifying reason, the employer must notify the employee of the employee's eligibility to take FMLA leave within five business days." Doc. 210 at 15. She cites to 29 C.F.R. § 825.300(b)(1). *Id.* This regulation also reads, "Employee eligibility is determined (and notice must be provided) at the commencement of the first instance of leave for each FMLA-qualifying reason in the applicable 12-month period." 29 C.F.R. § 825.300(b)(1). The Court therefore concluded at the January 28, 2026, jury instruction conference that because Ms. Romero-Valdez has not yet commenced her leave, this obligation had not yet been triggered for Parnall Law. At that time, Ms. Romero-Valdez argued that there was evidence that she had been ill, both with COVID-19 and with morning sickness and other pregnancy-related conditions, for which she took leave and for which she should have been notified that she qualified for intermittent FMLA leave over the course of her pregnancy.

The Court has reviewed Ms. Romero-Valdez's FMLA claim in her Second Amended Complaint carefully. She asserts that she was eligible for FMLA benefits, that Parnall Law was required to comply with the FMLA as a covered employer, that she notified Parnall Law of her pregnancy and intention to take FMLA leave "for the birth of her child" and her intention "to return to work . . . following her maternity leave," and that Parnall Law never notified her of "her eligibility, rights, and responsibilities under the FMLA when she informed them that she was

---

[1] The Court is doubtful that a BFOQ defense is applicable in this case, but it does not find it necessary to reach this issue since it was not included in Parnall Law's Answer or raised in any dispositive motion.

pregnant and would be exercising her right to take a maternity leave after the birth of her unborn child." Doc. 27 at 17. She also claims that Parnall Law "forced [her] to resign before she could take FMLA leave for the birth of her child, which interfered with [her] use of earned and eligible FMLA benefits." *Id.*

She also discusses in her Second Amended Complaint what she characterizes as a write-up for calling out sick with insufficient paid time off ("PTO") when she was pregnant and contracted COVID-19. *Id.* at 3. But at no point does she connect this to her FMLA claim; she has not alleged in her complaint or argued in any written briefing that Parnall Law interfered with her FMLA benefits by failing to notify her of her eligibility to take *intermittent* FMLA leave to deal with *pregnancy-related conditions* such as COVID-19 (which can lead to an increased risk of miscarriage) or morning sickness. Her Second Amended Complaint only discusses interference with her ability to take FMLA leave for the birth of her child.

Further, in the parties' Pretrial Order, the discussion of her leave-taking for COVID-19 occurs purely in the context of Ms. Brown allegedly treating Ms. Romero-Valdez differently after Ms. Romero-Valdez announced her pregnancy. Doc. 231 at 12. The section header is labeled "Defendant's Treatment of Plaintiff." *Id.* at 11. There is no mention of COVID-19 anywhere else in the Pretrial Order. The parties list as a contested issue of law, "QQ. Whether Defendant breached its duty to notify Plaintiff that FMLA coverage may apply to her pregnancy and/or childbirth." *Id.* at 37. This vague statement is insufficient given the absence of any discussion of this issue in any pleadings or briefing until the eve of trial.

Therefore, the Court will not allow Ms. Romero-Valdez to argue that Parnall Law interfered with her FMLA rights by failing to notify her of her right to take leave. Parnall Law was not yet required to notify her of her right to take leave for the birth of her child, which had

6

not yet occurred, and Ms. Romero-Valdez has not adequately pled or argued any claim that Parnall Law was obligated to notify her of her rights earlier in the pregnancy for pregnancy-related illnesses or conditions.

    It is so ordered.

_____
LAURA FASHING
UNITED STATES MAGISTRATE JUDGE
PRESIDING BY CONSENT