IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DOMINIQUE ROMERO-VALDEZ,

    Plaintiff/Counter-Defendant,

v.                                                Case No. 1:23-cv-01084-LF-GJF

PARNALL LAW FIRM, LLC,

    Defendant/Counter-Plaintiff.

## SPECIAL VERDICT FORM

**Preliminary Questions**

1. Did any contract form between the parties? *(check one)*
   __✓__ Yes
   _____ No

*If yes, proceed to question 2. If no, proceed to "Fraud" on page 5 (skipping over everything in between).*

2. What was the contractual agreement between the parties? *(check only one)*

   __✓__ Ms. Romero-Valdez agreed to resign (*not* to release her claims) in exchange for Parnall Law giving her six weeks' pay. *If you choose this answer, proceed to "Breach of Contract" on page 3 (skipping over the rest of this page).*

   _____ Ms. Romero-Valdez agreed to resign *and* release her claims in exchange for Parnall Law giving her six weeks' pay. *If you choose this answer, proceed to question 3.*

3. Is Ms. Romero-Valdez generally bound (not including Title VII) by the release of claims she signed? *(check one)*
   _____ Yes (because the contract is binding and none of the below defenses apply)
   __✓__ No (because she signed it under duress *or* because it is void because of fraud *or* misrepresentation *or* because Parnall Law committed a material breach that excused her obligation to perform her end of the deal)

*If yes, proceed to question 4. If no, proceed to "Breach of Contract" on page 3 (skipping over the rest of this page).*

4. Did Ms. Romero-Valdez knowingly and voluntarily waive her Title VII claims based on the considerations in Instruction No. 31? *(check one)*
   __✓__ Yes
   __✓__ No

*If yes, skip ahead to the final page of this document ("Conclusion") without answering any of the other questions. The foreperson should sign and date the special verdict form and provide it to the courtroom deputy. If no, proceed to the next page.*

## Breach of Contract

Did Parnall Law breach the contract with Ms. Romero-Valdez? *(check one)*

_____ Yes

\_\_\_✓\_\_\_ No

*If you answered "yes," proceed to the damages table. If you answered "no," proceed to "Fraud" on page 5, skipping the next category ("Implied Covenant of Good Faith and Fair Dealing") and without filling in the damages table.*

What damages, if any, do you award Ms. Romero-Valdez for this claim? Write "n/a" in the blank if you do not award a category of damages.

| Category | Dollar Amount |
|---|---|
| Direct or nominal damages |  |

*Proceed to the next page.*

3

### Implied Covenant of Good Faith and Fair Dealing

Did Parnall Law breach the implied covenant of good faith and fair dealing with Ms. Romero-Valdez? *(check one)*

___✓___ Yes
_____ No

*If you answered "yes," proceed to the damages table. If you answered "no," proceed to the next category ("Fraud") without filling in the damages table.*

What damages, if any, do you award for this claim? Write "n/a" in the blank if you do not award a category of damages. You may only award punitive damages if you have awarded direct or nominal damages on this claim.

| Category | Dollar Amount |
|---|---|
| Direct or nominal damages | $1,340 |
| Punitive damages | $40,200 |
| Total | $41,540 |

*Proceed to the next page.*

4

## Fraud

Did Ms. Romero-Valdez prove all four elements of her fraud claim in Instruction No. 28 by clear and convincing evidence? *(check one)*

_____ Yes

✓ No

*If you answered "yes," proceed to the damages table. If you answered "no," proceed to the next category ("Mitigation of Damages") without filling in the damages table.*

What damages, if any, do you award for this claim? Write "n/a" in the blank if you do not award a category of damages. You may only award punitive damages if you have awarded direct or nominal damages on this claim.

| Category | Dollar Amount |
| --- | --- |
| Direct or nominal damages | |
| Punitive damages | |
| Total | |

*Proceed to the next page.*

## Mitigation of Damages (Breach of Contract, Breach of Implied Covenant of Good Faith and Fair Dealing, Fraud)

For the previous three claims (breach of contract, breach of implied covenant of good faith and fair dealing, fraud), did you award any damages?
__✓__ Yes
_____ No

*If you answered "yes," proceed to the next question. If you answered "no," proceed to the next category ("FMLA") without answering the remaining questions on this page.*

For the previous three claims (breach of contract, breach of implied covenant of good faith and fair dealing, fraud), Parnall Law raises the defense that Ms. Romero-Valdez did not mitigate her damages. *See* Instruction 35.

Did Parnall Law prove its mitigation of damages defense in Instruction No. 35 by a preponderance of the evidence?
_____ Yes
__✓__ No

*If you answered "yes," proceed to the table below. If you answered "no," proceed to the next category ("FMLA") without filling in the table.*

In the second column in the table, fill in what you awarded above for each category. In the third column, fill in the amount you find Parnall Law has proven that Ms. Romero-Valdez could have mitigated her damages. Then, in the last column, subtract what Ms. Romero-Valdez could have earned from what you awarded above to come up with your adjusted award. If the adjusted award is a negative number, write 0.

| Category | What You Awarded Above | Amount Ms. Romero-Valdez Could Have Lessened Her Damages with Reasonable Diligence | Adjusted Award |
|---|---|---|---|
| Breach of contract direct or nominal damages | | | |
| Breach of the implied covenant of good faith and fair dealing direct or nominal damages | | | |
| Fraud direct or nominal damages | | | |

*Proceed to the next page.*

6

## Family and Medical Leave Act ("FMLA")

Did Ms. Romero-Valdez prove all three elements of her FMLA interference claim in Instruction No. 11 by a preponderance of the evidence?

____✗____ Yes
_____ No

*If you answered "yes," proceed to the next question. If you answered "no," proceed to the next category ("Title VII") without answering the rest of the questions in this category.*

Did Parnall Law prove by a preponderance of the evidence that Ms. Romero-Valdez would have experienced an adverse employment action even if she had not intended to take leave as described in Instruction No. 12?

_____ Yes
_____ No

*If you answered "no," proceed to the damages table. If you answered "yes," proceed to the next category ("Title VII") without filling in the damages table.*

What damages, if any, do you award for this claim? Write "n/a" in the blank if you do not award a category of damages. You may *not* award nominal damages on this claim, so if you find that Ms. Romero-Valdez has not proven that she was harmed by the FMLA violation, write "n/a."

| Category | Dollar Amount |
|---|---|
| Back pay | |
| Lost employment benefits and other compensation | |
| **Total** | |

*Proceed to the next page.*



7

## Title VII

Did Ms. Romero-Valdez prove all three elements of her Title VII pregnancy discrimination claim in Instruction No. 14 by a preponderance of the evidence?

_____ Yes
✓ No

*If you answered "yes," proceed to the next question. If you answered "no," proceed to the next category ("NMHRA") without answering the rest of the questions in this category.*

Did Parnall Law prove by a preponderance of the evidence that it would have treated Ms. Romero-Valdez similarly even if her pregnancy had played no role in the employment decision as described in Instruction No. 14?

_____ Yes
_____ No

*If you answered "no," proceed to the damages table. If you answered "yes," proceed to the next category ("NMHRA") without filling in the damages table.*

What damages, if any, do you award for this claim? Write "n/a" in the blank if you do not award a category of damages. On this claim, you may (but are not required to) award punitive damages even if you do not award any other category of damages.

| Category | Dollar Amount |
| --- | --- |
| Back pay or nominal damages | |
| Emotional distress, inconvenience, and/or mental anguish | |
| Punitive damages | |
| **Total** | |

*Proceed to the next page.*

8

## New Mexico Human Rights Act ("NMHRA")

Did Ms. Romero-Valdez prove all three elements of her NMHRA pregnancy discrimination claim in Instruction No. 16 by a preponderance of the evidence?

_____ Yes

✓ No

*If you answered "yes," proceed to the damages table. If you answered "no," proceed to the next category ("Mitigation of Damages") without filling in the damages table.*

What damages, if any, do you award for this claim? Write "n/a" in the blank if you do not award a category of damages.

| Category | Dollar Amount |
|---|---|
| Back pay or nominal damages | |
| Emotional distress, inconvenience, and/or mental anguish | |
| Total | |

9

## Mitigation of Damages (FMLA, Title VII, NMHRA)

For the previous three claims (FMLA, Title VII, NMHRA), did you award any damages?
_____ Yes
___✓___ No

*If you answered "yes," proceed to the next question. If you answered "no," proceed to the next category ("Parnall Law's Counterclaim") without answering the remaining questions on this page.*

For the previous three claims (FMLA, Title VII, and NMHRA), Parnall Law raises the defense that Ms. Romero-Valdez did not mitigate her damages. *See* Instruction 36.

Did Parnall Law prove both elements of its mitigation of damages defense in Instruction No. 36 by a preponderance of the evidence?
_____ Yes
_____ No

*If you answered "yes," proceed to the table below. If you answered "no," proceed to the next category ("Parnall Law's Counterclaim") without filling in the table.*

In the second column in the table, fill in what you awarded above for each category. In the third column, fill in the amount you find Parnall Law has proven that Ms. Romero-Valdez could have earned through the exercise of reasonable diligence to find substantially equivalent suitable employment. Then, in the last column, subtract what Ms. Romero-Valdez could have earned from what you awarded above to come up with your adjusted award. If the adjusted award is a negative number, write 0.

| Category | What You Awarded Above | What Ms. Romero-Valdez Could Have Earned with Reasonable Diligence | Adjusted Award |
|---|---|---|---|
| FMLA back pay | | | |
| FMLA lost employment benefits and other compensation | | | |
| Title VII back pay | | | |
| NMHRA back pay | | | |

*Proceed to the next page.*

## Parnall Law's Counterclaim

If you answered "yes" to question 3 on page 2 ("Preliminary Questions"), answer the below question. If you answered "no" or did not answer question 3 on page 2, disregard this section and proceed to the final page ("Conclusion").

What damages, if any, do you award Parnall Law for this claim? Write "n/a" in the blank if you do not award a category of damages.

| Category | Dollar Amount |
| --- | --- |
| Direct or nominal damages | |

*Proceed to the next page.*

## Conclusion

Please have the foreperson sign and date this verdict form and return it to the courtroom deputy.

███████████████        2/6/2026
FOREPERSON             Date